IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
vs.                             )      Cv. No. 04-2612-M1/P
                                )      Cr. No. 99-20250-7-M1
LAVADIUS FAISON,                )
                                )
        Defendant.              )
                                )
                                )
```

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Lavadius Faison, Bureau of Prisons inmate registration number 12564-076, who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, filed a pro se motion pursuant to 28 U.S.C. § 2255 on August 4, 2004, accompanied by a legal memorandum. On November 30, 2004, Faison filed an amendment to his motion.

On January 24, 2001, a federal grand jury returned a two-count indictment against Faison and six co-defendants.[1] Faison was named only in the first count, which charged him, along with four co-defendants, with conspiring to possess in excess of five kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. On June 28, 2001, pursuant to a written plea agreement, Faison

---

[1] Although the indictment was termed a second superseding indictment, Faison was not named in the original indictment or the first superseding indictment.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-27-05



appeared before then-District Judge Julia Smith Gibbons to plead guilty to count one of the second superseding indictment. Visiting Judge Thomas A. Wiseman, Jr. conducted a sentencing hearing on September 28, 2001, at which time Faison was sentenced to one hundred fifty-one (151) months incarceration, to be followed by a five-year period of supervised release.[2] Judgment was entered on October 4, 2001. The United States Court of Appeals for the Sixth Circuit affirmed Faison's sentence. United States v. Faison, 339 F.3d 518 (6th Cir. 2003).

In his original § 2255 motion, which was filed on August 4, 2004, Faison contends that "[t]he Court went outside the Plea Agreement I entered into with the government and enhanced my Sentence for conduct not agreed upon in my Plea Agreement, nor in the indictment." In particular, he objects to the two-point enhancement he received for possession of a firearm. According to Faison, this aspect of his sentence is illegal for the following reasons:

1. The grand jury indictment does not mention possession of a firearm and, therefore, the sentencing enhancement violates his Fifth Amendment right to a grand jury;

2. The plea agreement states that Faison would be sentenced on the basis of five kilograms of cocaine and does not mention a firearms enhancement or his prior convictions;

---

[2] Pursuant to § 2D1.1(c)(4) of the United States Sentencing Guidelines ("U.S.S.G"), the base offense level for five kilograms of cocaine is 32. Faison received a two-point enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm, which was seized during a search of his residence on January 29, 2001, resulting in an adjusted offense level of 34. Faison received a three-point reduction, pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 31. Given Faison's criminal history category of IV, the guidelines called for a sentencing range from 151 to 188 months.

2

3. The seizure of the firearm in 2001 had no connection with a conspiracy that, according to the indictment, terminated in 1999; and

4. Use of the sentencing guidelines violates the Sixth Amendment and is inconsistent with Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004).

On November 18, 2004, Faison filed a brief that presented additional argument in support of his position that his sentence is unconstitutional under Apprendi, Blakely, and Jones v. United States, 526 U.S. 227 (1999).

As a preliminary matter, Faison raised his third argument, that the seizure of the firearm in 2001 had no connection with a conspiracy that, according to the indictment, terminated in 1999, at the sentencing hearing and on direct appeal, where the Sixth Circuit rejected it on the merits, noting that "Faison does not argue that the firearms and ammunition found in the home or the vehicle were clearly not related to drug trafficking. Indeed, in light of his own admissions of drug trafficking and the fact that the firearms were located close to the drug proceeds or cash with which to purchase drugs, he could not make such an argument." United States v. Faison, 339 F.3d at 519. The Sixth Circuit went on to explain that, after a 1991 amendment to the sentencing guidelines, in order for the firearm enhancement to apply it is no longer necessary for the Government to prove that the weapon was possessed during the commission of the offense. Instead, "all that the government need show is that the dangerous weapon be possessed during 'relevant conduct.'" Id. at 520. The Court of Appeals concluded that the 2001 cocaine dealing was part of the same relevant conduct as that to which Faison pleaded guilty:

3

> Relevant conduct under the sentencing guidelines includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). In order for the cocaine dealing in 2001 to be part of the same course of conduct as the offense conduct, the court must examine "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." [United States v. Hill, 79 F.3d 1477, 1481-82 (6th Cir. 1996).] In order for the 2001 cocaine dealing to be part of the common scheme or plan relating to the offense of conviction, the 2001 conduct must be substantially connected by at least one common factor such as "common victims, common accomplices, common purpose, or similar modus operandi." Id. Faison was guilty of a conspiracy to traffic in cocaine through October 1999, and his possession of $70,000 in drug proceeds together with his admission at the time of his plea shows him to be a continuing cocaine trafficker when he was arrested in January 2001. Faison's continuing cocaine trafficking constitutes the same course of conduct and has a common purpose as his offense of conviction. Therefore, the possession of the dangerous weapon during drug trafficking in 2001 was conduct relevant to the offense of conviction.

Id. at 520-21.

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); see DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). No such extraordinary circumstances are present in this case. Thus, Faison's third argument is without merit and is dismissed.

With respect to Faison's first argument, his second argument, and that portion of his fourth argument that relies on Apprendi and Jones, a § 2255 motion is not a substitute for a direct appeal. Sunal v. Lange, 332 U.S. 174, 178 (1947). Thus, as the Supreme Court explained, "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral

proceedings." Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). Moreover, even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. El-Nobani v. United States, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); Peveler v. United States, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998).

Faison's first and second arguments, and that portion of his fourth argument that relies on Apprendi and Jones, were available to him on direct appeal but were apparently not raised at that time. Although "[a]ttorney error may constitute cause [sufficient to excuse a procedural default] if it rises to the level of constitutionally ineffective assistance of counsel," Barrow v. United States, 8 Fed. Appx. 286, 288 (6th Cir. Mar. 13, 2001), Faison does not contend that his attorney rendered ineffective assistance, either at the guilty plea and sentencing hearings or on direct appeal. Finally, Faison's guilty plea to the drug trafficking charge, and the Sixth Circuit's decision on direct appeal that the firearm enhancement was warranted by the facts of the case, preclude him from maintaining that he is actually innocent. Cf. Peveler, 269 F.3d at 701 ("To prove his actual innocence, Peveler must show that 'it is more likely than not that no reasonable juror would have convicted him.'"). For all the foregoing

5

reasons, then, Faison's first and second claim, and that portion of his fourth claim that relies on Apprendi and Jones, are barred by procedural default and are, therefore, dismissed.

Faison's final claim, that his sentence violates Blakely v. Washington, was not available to him during his direct appeal. In a subsequent decision issued since this motion was filed, which Faison has not cited but which the Court will consider sua sponte, the Supreme Court held that the mandatory aspects of the sentencing guidelines are unconstitutional. United States v. Booker, 125 S. Ct. 758 (2005). "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 124 S. Ct. 2519, 2522-26 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Blakely and Booker issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Faison's fourth claim, to the extent that it relies on Blakely and Booker, is without merit and is dismissed.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255

6

Motions in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and therefore, his motion is DENIED.

Consideration must also be given to issues that may occur if the Defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

In this case, for the reasons previously stated, the Defendant's claims are plainly lacking in substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

---

[3] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[4] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a)(1) provides that:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(3)(A). For the same reasons the Court denies a

---

[4] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

9

certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this Defendant is not taken in good faith, and he may not proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

    IT IS SO ORDERED this \_\_26\_\_ day of July, 2005.

                                JON PHIPPS McCALLA
                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:04-CV-02612 was distributed by fax, mail, or direct printing on July 27, 2005 to the parties listed.

---

Lavadius Faison
FCC-SCP
12564-076
P.O. Box 8000
Forrest City, AR 72336

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT